THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiffs Michael E. Vintzileos and Steven Wronko

---

| | |
|---|---|
| **MICHAEL E. VINTZILEOS** and **STEVEN WRONKO**  Plaintiffs  vs.  **BOROUGH OF LAVALLETTE;** **WALTER LACICERO**, Borough of Lavallette Mayor; **JOHN BENNETT,** Borough of Lavallette Administrator; **DONNELLY AMICO**, Borough of Lavallette Municipal Clerk; **CHRISTIAN LACICERO**, Borough of Lavallette Chief of Police; **SERGEANT ADAM LACICERO**, **SERGEANT JUSTIN D. LAMB,** Borough of Lavallette police officers; and **JOHN DOES 1- 10** Borough of Lavallette Municipal Employees; Officials; Appointees; and/or police officers,  Defendants. | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON  Civil Action No.: -   (   )  **COMPLAINT** |

---

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the First, Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

## PARTIES

1. Plaintiff Michael E. Vintzileos, residing at 264 John Street, 401 Highway 22, Apartment 19A, South Amboy, New Jersey, 07060, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

2. Plaintiff Steven Wronko, residing at 118 Manalapan Road, Spotswood, New Jersey, 08884, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Sergeants Adam LaCicero, Justin D. Lamb and/or John Does 1-10 were at all times mentioned herein duly appointed and acting police officers of the Lavallette Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Defendant Borough of Lavallette and were acting under the color of law and/or in their individual capacities.

4. Defendant Adam LaCicero is the brother of Defendant Chief of Police Christian LaCicero and is the son of the Mayor, Defendant Walter LaCicero.

5. At all times relevant hereto, Defendant Christian LaCicero was the Lavallette Chief of Police, and as such was a Lavallette municipal employee, official and/or appointee acting under color of state law and/or in his individual capacity.

6. Defendant Christian LaCicero is the brother of Defendant Adam LaCicero and is the son of the Mayor, Defendant Walter LaCicero.

7. At all times relevant hereto, Defendant Walter LaCicero was the mayor of Defendant Borough of Lavallette and as such was a Lavallette municipal employee, official and/or appointee acting under color of state law and/or in his individual capacity.

8. Defendant Walter LaCicero is the father of Defendants Christian LaCicero and Adam LaCicero.

9. At all times relevant hereto, Defendant John Bennett was Defendant Borough of Lavallette's Administrator, and as such was a Lavallette municipal employee, official and/or appointee acting under color of state law and/or in his individual capacity.

10. At all times relevant hereto, Defendant Donnelly Amico was Defendant Borough of Lavallette's Municipal Clerk, and as such was a Lavallette municipal employee, official and/or appointee acting under color of state law and/or in her individual capacity.

11. At all times relevant hereto, Defendants John Does 1-10 were Lavallette municipal employees, officials and/or appointees acting under the color of state law and/or in their individual capacities.

12. Defendant Borough of Lavallette is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

13. At all times relevant hereto, Defendants were municipal employees, officials and/or appointees of Defendant Borough of Lavallette and were acting under color of state law and/or in their individual capacities. As such, Defendant Borough of Lavallette was responsible for the supervision and conduct of Defendants Walter LaCicero; John Bennett; Donnelly Amico; Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10.

14. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Adam LaCicero; Christian LaCicero, and/or John Does 1-10 were responsible by law for ensuring that Defendants Walter LaCicero; John Bennett; Donnelly Amico; Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10 obey the laws of the State of New Jersey and the United States of America.

15. Suit is brought against the Defendants in their personal and official capacities.

## FACTUAL ALLEGATIONS

1. On July 24, 2023, Plaintiffs Michael Vintzileos and Steven Wronko attended a Town Council meeting at Borough Hall in Lavallette.

2. Plaintiffs had previously provided notice to the Borough of Lavallette of their intent to record the meeting. They received a reply from the Borough Clerk, Defendant Donnelly Amico, stating, "Have a nice weekend."

3. They went to the meeting because it was going to address ADA beach access, an issue of interest to them.

4. Plaintiff Steven Wronko arrived before Plaintiff Michael Vintzileos and took a seat before the meeting started.

5. Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 arrested Plaintiff Steven Wronko without probable cause, charging him with Purposely Preventing or Disrupting Through an Act of Physical Interference a Lawful Meeting, specifically by filming the meeting and disrupting the governing body at the start of the counsel meeting without receiving prior written permission to do so, in violation of N.J.S. 2C:33-8.

6. Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 arrested Plaintiff Steven Wronko despite the facts that: (1.) he had obtained prior written approval to record the meeting; (2.) Plaintiff never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding, and (3.) the meeting had not started or had been called to order when Defendants arrested Plaintiff.

7. Plaintiff Steven Wronko advised Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 that he had a common law right to record the proceedings pursuant to <u>Taurus</u>

v. Borough of Pine Hill, 189 N.J. 497 (2007).

8. Plaintiff Steven Wronko offered to show Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 a folder in his possession containing a copy of the Taurus decision and written proof from Defendant Donnelly Amico that he had permission to record the proceedings.

9. Defendants refused to review the folder and brought Plaintiff downstairs to police headquarters for processing.

10. Plaintiff Michael Vintzileos entered the meeting room at the Lavallette Municipal Building prior to the start of the meeting and took a seat.

11. Within seconds of Plaintiff's arrival, Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 also arrested him without probable cause, charging him with Purposely Preventing or Disrupting Through an Act of Physical Interference a Lawful Meeting, specifically by filming the meeting and disrupting the governing body at the start of the counsel meeting without receiving prior written permission to do so, in violation of N.J.S. 2C:33-8.

12. Defendants Adam LaCicero, Justin D. Lamb and/or John Does 1-5 arrested Plaintiff Michael Vintzileos despite the facts that: (1.) Plaintiff had obtained prior written approval to record the meeting; (2.) Plaintiff never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding, and (3.) the meeting had not started or had been called to order when they arrested him.

13. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 were present in the meeting hall and either ordered the arrests of Plaintiffs Michael Vintzileos and Steven Wronko or acquiesced in their unlawful arrests.

14. Police Body Worn Camera footage reveals that neither of the Plaintiffs interfered in any way with any meeting and never disrupted the business of the governing body or any other citizens'

right of access to the proceeding,

15. Plaintiffs Michael Vintzileos and Steven Wronko were brought downstairs to police headquarters to be processed. Defendant Adam LaCicero called his brother, Defendant Chief of Police Christian LaCicero and asked him "how to write up" the criminal complaints against the Plaintiffs.

16. On March 21, 2024, all charges against Plaintiffs Michael Vintzileos and Steven Wronko were dismissed by the Honorable James Gluck, J.M.C., sitting in the Mantoloking Municipal Court.

## COUNT ONE
## SECTION 1983 FALSE ARREST

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10, acting under color of state law and/or in their individual capacities, in arresting Plaintiffs was without probable cause under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. The arrests were an abuse of authority violating Plaintiffs' common law right to record the Town Hall proceedings. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 were present in the meeting hall and either ordered the arrests of Plaintiffs Michael Vintzileos and Steven Wronko or acquiesced in their unlawful arrests.

4. Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10 did not have probable cause to arrest Plaintiffs and prosecute them for Preventing Or Disrupting a Lawful Meeting.

5. Specifically, Defendants knew that:

    a.) Plaintiffs had obtained prior written approval to record the meeting;

    b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

    c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs;

    d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

6. The charges against Plaintiffs were dismissed on 3/21/24.

7. The aforementioned acts were in violation of Plaintiffs' right to be free from unreasonable seizure under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, protected by 42 U.S.C. Section 1983.

8. As a direct and proximate cause of conduct of Defendants set forth above Plaintiffs were deprived of their constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 MALICIOUS PROSECUTION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10, acting under color of state law and/or in their individual capacities, initiated criminal process against Plaintiffs without probable cause and with malice. Specifically, Defendants abused their authority and retaliated against Plaintiffs for exercising their common law right to record the Town Hall proceedings.

3. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 did not have probable cause to arrest Plaintiffs and prosecute them for Preventing Or Disrupting a Lawful Meeting.

4. Specifically, Defendants knew that:

   a.) Plaintiffs had obtained prior written approval to record the meeting;

   b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

   c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs;

   d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

5. The charges against Plaintiffs were dismissed on 3/21/24.

6. As a direct and proximate cause of the actions initiated by Defendants, Plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

7. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiffs were deprived of their Fourth Amendment constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
### SECTION 1983 CONSPIRACY TO VIOLATE CIVIL RIGHTS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 acting under color of state law and/or in their individual capacities, conspired to deprive Plaintiffs of their Fourth Amendment right to be secure in their persons against unreasonable seizure by having them arrested and maliciously prosecuting them without probable cause, abusing their authority and retaliating against Plaintiffs for exercising their common law right to record the Town Hall proceedings.

3. In furtherance of this agreement, Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 ordered the arrests and prosecutions of Plaintiffs without probable cause.

5. Specifically, Defendants knew that:

a.) Plaintiffs had obtained prior written approval to record the meeting;

b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs;

d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

4. As a direct and proximate cause of Defendants' actions set forth above, Plaintiffs were deprived of their constitutional rights in violation of the Fourth and Fourteenth Amendments of the United States Constitution and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 FIRST AMENDMENT RETALIATION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 committed under color of state law and/or in their individual capacities constituted a retaliation and/or attack

on protected speech and/or freedom of association in violation of the First and Fourteenth Amendments of the United States Constitution made actionable through 42 U.S.C. Section 1983.

3. Defendants abused their authority to harass and retaliate against Plaintiffs for exercising their common law right to record the Town Hall proceedings.

4. Defendants had Plaintiffs falsely arrested and maliciously prosecuted for Preventing Or Disrupting a Lawful Meeting in retaliation for Plaintiffs exercising their common law right to record the Town Hall proceedings.

5. Specifically, Defendants knew that:

    a.) Plaintiffs had obtained prior written approval to record the meeting;

    b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

    c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs

    d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

6. By reason of the above, Plaintiffs were deprived of their constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

# COUNT FIVE
## SECTION 1983 UNLAWFUL POLICY / INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, as agents, servants, employees and/or political appointees were authorized by state law to make policy for Defendant Borough of Lavallette.

3. Acting under color of state law and/or in their individual capacities, Defendants intentionally, knowingly, recklessly and/or with deliberate indifference enacted an unconstitutional policy by retaliating against Plaintiffs for exercising their common law right to record the Town Hall proceedings.

4. Defendants' unconstitutional policy led to Plaintiffs being falsely arrested and maliciously prosecuted on fabricated criminal charges.

5. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10.

6. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, are vested by state law with the authority to make policy on: (1.) the conduct and procedures to be followed in public meetings, and (2.) conducting criminal investigations and effectuating arrests. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10

were responsible for training Defendant Borough of Lavallette's police officers in conducting criminal investigations and/or were officers in charge when Plaintiffs Michael E. Vintzileos and Steven Wronko were arrested and maliciously prosecuted without probable cause.

7. At all times mentioned herein, Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Borough of Lavallette, were acting under the direction and control of Defendants Borough of Lavallette Police Department; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Borough of Lavallette and/or the Borough of Lavallette Police Department.

8. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, intentionally, knowingly, recklessly and/or with deliberate indifference failed to: (1.) follow the laws of the State of New Jersey governing the conduct of public meetings, including but not limited to the law governing the right to record Town Hall meetings, and (2.) train, instruct, supervise, control, and discipline on a continuing basis, Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero and/or John Does 1-5 in their duties to conduct thorough, competent and complete criminal investigations in accordance with the Fourth and Fourteenth Amendments of the Constitution, the New Jersey Attorney General's Guidelines and the Ocean County Prosecutor's policies, procedure and guidelines.

9. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Walter

LaCicero; John Bennett; Donnelly Amico; Adam LaCicero, Justin D. Lamb, Christian LaCicero and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11. Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero; Walter LaCicero; John Bennett; Donnelly Amico, and/or John Does 1-10 heretofore described.

12. As a direct and proximate cause of Defendants' actions set forth above, Plaintiffs were deprived of their Fourth Amendment right to be secure in their persons against unreasonable search and seizure and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SIX
## VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 acting under color of state law and/or in their individual capacities set forth at length above, deprived plaintiffs of their rights secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, et seq. ("The New Jersey Civil Rights Act").

3. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiffs were deprived of their constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE LAW CLAIMS

## COUNT SEVEN
## FALSE ARREST

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendants were acting within the scope of their employment as agents, servants, employees, officials and/or political appointees of Defendant Borough of Lavallette.

2. The aforementioned acts of Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero and/or John Does 1-10, acting under color of state law and/or in their individual capacities, in arresting Plaintiffs were without probable cause.

3. The arrests were an abuse of authority violating Plaintiffs' common law right to record the proceedings. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero, and/or John Does 6-10 were present in the meeting hall and either ordered the arrests of Plaintiffs or acquiesced in their unlawful arrests.

4. Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-10 did not have probable cause to arrest Plaintiffs and prosecute them for Preventing Or Disrupting a Lawful Meeting.

5. Specifically, Defendants knew that:

    a.) Plaintiffs had obtained prior written approval to record the meeting;

    b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

    c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs;

    d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

6. The charges against Plaintiffs were dismissed on 3/23/24.

7. The actions of Defendants were contrary to the common law of the State of New Jersey.

8. As a direct and proximate cause of conduct of Defendants set forth above Plaintiffs were deprived of their constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Borough of Lavallette; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT EIGHT
## MALICIOUS PROSECUTION

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10, acting under color of state law and/or in their individual capacities, initiated criminal process against Plaintiffs without probable cause and with malice. Specifically, Defendants abused their authority and retaliated against Plaintiffs for exercising their common law right to record the Town Hall proceedings.

3. Defendants Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 did not have probable cause to arrest Plaintiffs and prosecute them for Preventing Or Disrupting a Lawful Meeting.

4. Specifically, Defendants knew that:

   a.) Plaintiffs had obtained prior written approval to record the meeting;

   b.) Plaintiffs never interfered with any meeting and never disrupted the business of the governing body or any other citizens' right of access to the proceeding;

    c.) the meeting had not started or had been called to order when Defendants arrested Plaintiffs;

    d.) Defendants Adam LaCicero; Justin D. Lamb; Christian LaCicero, and/or John Does 1-5 refused to review case law confirming that Plaintiffs had a common law right to record the proceedings and refused to review written proof from Defendant Donnelly Amico that Plaintiffs had permission to record the proceedings.

 5. The charges against Plaintiffs were dismissed on 3/21/24.

 6. As a direct and proximate cause of the actions initiated by Defendants, Plaintiffs suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.

 7. At all times relevant herein, Defendants were acting within the scope of their employment as agents, servants, employees, officials and/or political appointees of Defendant Borough of Lavallette.

 8. The actions of Defendants were contrary to the common law of the State of New Jersey.

 9. As a direct and proximate cause of conduct of Defendants set forth above Plaintiffs were deprived of their constitutional rights and will incur additional special damages in the future in an amount which cannot yet be determined.

 **WHEREFORE**, Plaintiffs Michael E. Vintzileos and Steven Wronko demand judgment against Defendants Borough of Lavallette; Walter LaCicero; John Bennett; Donnelly Amico; Christian LaCicero; Adam LaCicero; Justin D. Lamb, and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: 4/1/25                                                  */s/ Thomas J. Mallon, Esquire*
                                                                             THOMAS J. MALLON, ESQUIRE